
FILED
JAN -3 2020
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSE PATRICK ANDRE,            )
                                )
            Petitioner,         )
                                )
    v.                          )   Civil Action No.: 1:19-cv-03309 (UNA)
                                )
PAULA A. WOLFF,                 )
                                )
                                )
            Respondent.         )

## MEMORANDUM OPINION

This matter is before the court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for mandamus. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Petitioner has filed suit against the Department of Justice's Chief of the International Transfer Unit. Petitioner is currently in the custody of the Federal Bureau of Prisons and is designated to the federal penitentiary located in White Deer, Pennsylvania. He seeks a writ directing respondent to transfer him to Trinidad and Tobago, where he is a citizen. He alleges that his requests for a "treaty transfer" to his home country have been denied by the government.

A prisoner has no constitutionally protected interest in his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Moreover, the decision whether to transfer an inmate pursuant to a treaty is within the discretionary authority of the Attorney General and is not subject to judicial review[.]" *Marshall v. Reno*, 915 F. Supp.

426, 432 (1996) (citing *Bagguley v. Bush*, 953 F.2d 660, 661–62 (D.C. Cir. 1991), *cert. denied*, 503 U.S. 995 (1992) and *Scalise v. Thornburgh*, 891 F.2d 640, 649 (7th Cir. 1989), *cert. denied*, 494 U.S. 1083 (1990)).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements, and thus fails to meet his burden. Additionally, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

For the following reasons, the court will grant petitioner's application for leave to proceed *in forma pauperis* and dismiss the mandamus petition. An Order accompanies this Memorandum Opinion.

DATE: Dec 20, 2019

United States District Judge